**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50060 |
| Plaintiff - Appellee, | D.C. No. 3:10-CR-07019-BEN |
| v. | MEMORANDUM[*] |
| RUBEN ANTONIO VILLATORO-MEDRANO, etc., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 9, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District Judge.[**]

Ruben Villatoro-Medrano appeals the 18-month sentence he received for

violating the terms of his supervised release.  He argues that the district court

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Henry E. Hudson, United States District Judge for the Eastern District of Virginia, sitting by designation.

committed procedural and substantive error by selecting a sentence based in part on the possibility that the sentence for his underlying offense might be reversed on appeal. We review the district court's sentencing decision for abuse of discretion. *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010).

First, because the district court anchored its sentence in the 18 U.S.C. § 3583(e) framework, Petitioner's claim of procedural error is without merit. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Indeed, the court below expressly acknowledged the purpose of its sentence as sanctioning Petitioner's breach of the court's trust, deterring future violations, and facilitating rehabilitation. Regardless, the error, if any, was caused when Petitioner's counsel below asked the district judge to consider the underlying 72-month sentence in imposing the sentence now at issue. Here, where the guideline range was 21 to 24 months, an 18 month sentence did not constitute a "miscarriage of justice," nor is reversal "necessary to preserve the integrity of the judicial process." *United States v. Crawford*, 239 F.3d 1086, 1092 (9th Cir. 2001) (quoting *United States v. Cabrera*, 201 F.3d 1243, 1249 (9th Cir. 2000)).

Petitioner's second argument is equally unavailing. To evaluate substantive reasonableness, this Court must "consider the totality of the circumstances." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1195 (9th Cir. 2011). In support

of his claim, Petitioner points to the district court's speculation that a 12-month term of imprisonment might be sufficient *if* the 72-month sentence imposed for Petitioner's underlying offense were upheld on appeal. As Petitioner concedes, however, the district court also found a term of 24 months to be reasonable "in isolation," even if it would yield a period of incarceration "greater than necessary" when coupled with Petitioner's underlying sentence. Because that 72-month sentence has now been vacated, *United States v. Villatoro-Medrano* (No. 10-50543), we decline to vacate the instant sentence and invite an opportunity for the district court in this case to impose an even higher sentence on remand.

**AFFIRMED.**